IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 1:00cr15-SPM

LINDA WILSON,

    Defendant.
_____/

## ORDER DENYING MOTIONS TO QUASH

This cause comes before the Court on Linda Wilson's Motions to Quash Subpoena of Financial Records. Doc. 1231 and 1238. The Government issued a subpoena to Washington Mutual Bank, who is Ms. Wilson's mortgage lender, to obtain access to Ms. Wilson's financial records. Ms. Wilson contends that the subpoena should be quashed because she did not receive a copy of if as required by Title 12, United States Code, Section 3407(2), of the Right to Financial Privacy Act. The Government responds that the Right to Financial Privacy Act does not apply to Ms. Wilson because she falls within the exception for financial records of parties in litigation with the Government based on the restitution order in this criminal case. 12 U.S.C. § 3413(e). Ms. Wilson argues in response that she does not fall within the exception because she is no longer on supervised release and thus she is not in litigation with the Government concerning the restitution order.

Title 18, United States Code, Section 3613, allows the Government to enforce an order of restitution in the same manner as a fine, which is "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or state law." 18 U.S.C. § 3613(a) and (f). Like a fine, "[t]he liability to pay [restitution] terminate[s] the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person . . . or upon death of the individual . . . ." 18 U.S.C. § 3613(b) and (f); see also United States v. Knight, 315 Fed. Appx. 435, 437 (3d Cir. 2009) (applying section 3613(b) for termination of restitution liability). The restitution order "is a lien in favor of the United States on all property and rights to property" of the defendant. 18 U.S.C. § 3613(c). Thus contrary to Ms. Wilson's argument, her liability to the Government to pay restitution did not end with the termination of her supervised release. The motion to quash the subpoena as to this ground will therefore be denied.

Even if the notice provisions of the Right to Financial Privacy Act apply, Ms. Wilson has not shown that the subpoena should be quashed. J.P. Morgan Chase Bank notified Ms. Wilson of the subpoena and she has in fact challenged it. Thus she has not been prejudiced by the failure of the Government to provide her a copy. See Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875, 882 (5th Cir. 1989) (reversing a district court's order to quash a financial records subpoena because the customer knew of the subpoena in time to challenge it). Moreover, there is a demonstrable reason to believe that the law enforcement

inquiry into Ms. Wilson's finances is legitimate to enforce her restitution obligation. There is a reasonable belief that the records sought are relevant to that inquiry.

Based on the foregoing, it is

ORDERED AND ADJUDGED: Linda Wilson's Motions to Quash Subpoena of Financial Records (docs. 1231 and 1240) are denied.

DONE AND ORDERED this 30th day of June, 2010.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    Chief United States District Judge